UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA PASTOR,

    Plaintiff,

v.                                                                       CASE NO.:

SOURCEPOINT, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LISA PASTOR ("Ms. Pastor or Plaintiff") files this Complaint against Defendant, SOURCEPOINT, INC., ("Defendant"), and states as follows:

## **INTRODUCTION**

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Americans with Disabilities Act, 42 U.S.C. § 12101 et seq, ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## **JURISDICTION, VENUE AND FMLA COVERAGF**

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

3. The Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101 et seq.

4. The Court also has supplemental jurisdiction over Plaintiff's FCRA claim, as it arises out of the same operative facts and circumstances as her FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant and resided in Brevard County, Florida.

6. Defendant is a foreign profit corporation that provides mortgage services in, among others, Brevard County, Florida, and is therefore within the jurisdiction of the Court.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

8. At all times relevant hereto, Plaintiff worked at a location where the Defendant employed 50 or more employees within 75 miles.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her own serious medical condition; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

10. At all times relevant hereto, Defendant was an employer as defined by the FCRA/ADA, as it employed in excess of fifteen (15) or more employees during Plaintiff's entire employment with Defendant.

11. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

    a. She was a disabled employee who suffered discrimination because of

her disability/handicap, or perceived disability/handicap, by Defendant; and

b. She suffered an adverse employment action as a result of her disability/handicap, or Defendant's perception that she was disabled/handicapped.

## **CONDITIONS PRECEDENT**

12. On or around July 24, 2019, Plaintiff dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination against Defendant.

13. On January 14, 2020, the EEOC issued a right to sue.

14. Plaintiff timely files this action within the applicable period of limitations against Defendant.

15. All conditions precedent to this action have been satisfied and/or waived.

## **FACTUAL ALLEGATIONS**

16. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., because Defendant interfered with and retaliated against Plaintiff because Plaintiff utilized the FMLA for her own serious health condition, and then discriminated/retaliated against her based on her disability.

17. Plaintiff worked as a Customer Care Representative for the Defendant from September 11, 2011, until her wrongful termination on March 25, 2019.

18. Unfortunately, Plaintiff suffers from Multiple Sclerosis ("MS"), which is a protected disability under the FCRA/ADA, and a serious medical condition under the FMLA.

19. Starting in July 2018, Plaintiff was approved for FMLA intermittent leave for up to three (3) days every two (2) months in order to attend doctor appointments, treatments, tests related to her condition, and/or extended bathroom breaks.

20. During her employment and prior to her termination, Ms. Pastor notified Defendant's management of her medical condition and need for accommodation and FMLA/ADA/FCRA protection.

21. Thereafter, and regardless of her disability/medical disclosure, Plaintiff's direct supervisor continually made negative remarks to Plaintiff regarding her repeated use of bathroom breaks, which were medically necessary.

22. As a result of the comments, Defendant interfered with Plaintiff for her attempt to use and/or use of FMLA.

23. On March 14, 2019, Plaintiff was hospitalized in relation to her serious medical condition and was subsequently cleared to return to work on March 25, 2019. This time off was FMLA leave covered.

24. However, despite the FMLA's protections against interference and retaliation, upon Ms. Pastor's return to work on March 25, 2019, Defendant discriminated/retaliated against, and shortly thereafter, terminated her employment based on her disability and use/need for FMLA-protected medical leave.

25. Defendant's termination of Ms. Pastor stemmed from its discriminatory animus toward her need for and/or use of FMLA leave, and need for accommodation under the ADA/FCRA.

26. The timing of her termination makes the causal connection between her use of FMLA, her request for reasonable accommodations under the ADA/FCRA, and her termination sufficiently clear.

27. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

28. Also, as a result of the foregoing, Defendant retaliated against Plaintiff for attempting to utilize and/or utilizing proper and authorized FMLA leave.

29. Defendant did not have a good faith basis for its actions.

30. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA, FCRA, and FMLA were intended to prevent.

31. Additionally, the facts surrounding Plaintiff's termination also create a strong inference of disability discrimination/retaliation in violation of the ADA/FCRA.

32. The Defendant was aware of Plaintiff's medical condition and need for accommodation.

33. Defendant, however, being well-aware of Plaintiff's condition, made no effort whatsoever to accommodate Plaintiff as the law required.

34. Plaintiff was terminated as a result of her disability by Defendant.

35. Defendant's actions in this regard violate the ADA and FCRA's requirements.

36. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

37. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability

38. At all material times hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position.

39. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's termination.

40. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

### COUNT I- UNLAWFUL INTERFERENCE IN VIOLATION OF THE FMLA

41. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-3, 5-9, and 16-30, above.

42. At all times relevant hereto, Plaintiff was protected by the FMLA.

43. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights.

44. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

45. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

46. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION
## IN VIOLATION OF THE FMLA

47. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-3, 5-9, and 16-30, above.

48. At all times relevant hereto, Plaintiff was protected by the FMLA.

49. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her attempted use and/or use of FMLA protected leave.

50. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

51. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

52. As a result of Defendant's intentional, willful and unlawful acts by retaliating against, Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

53. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III- DISABILITY DISCRIMINATION
## IN VIOLATION OF THE FCRA

54. Plaintiff realleges and adopts the allegations contained in paragraphs 1-6, 10-21, 25, 26, 29-40, above.

55. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

56. The discrimination to which Plaintiff was subjected was based on her disability.

57. Defendant unlawfully terminated Plaintiff based on her disability, as it considered her ADA-protected medical conditions, and resulting absences/need for accommodation, to be a burden to its business.

58. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

59. The conduct of Defendant was willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

60. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

61. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT IV- DISABILITY RETALIATION
## IN VIOLATION OF THE FCRA

62. Plaintiff realleges and adopts the allegations contained in paragraphs 1-6, 10-21, 25, 26, 29-40, above.

63. Plaintiff was terminated within close temporal proximity of his objection to Defendant that he felt he was being discriminated against based on his disability.

64. Plaintiff's objections constituted protected activity under the FCRA.

65. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination.

66. Plaintiff's objections to Defendant's illegal conduct, and his termination, are causally related.

67. Defendant's stated reasons for Plaintiff's termination are a pretext.

68. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

69. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

70. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

71. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay,

emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT V- DISABILITY DISCRIMINATION
## IN VIOLATION OF THE ADA

72. Plaintiff realleges and adopts the allegations contained in paragraphs 1-6, 10-21, 25, 26, 29-40, above.

73. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

74. The discrimination to which Plaintiff was subjected was based on her disability.

75. Defendant unlawfully terminated Plaintiff based on her disability, as it considered her ADA-protected medical conditions, and resulting absences/need for accommodation, to be a burden to its business.

76. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

77. The conduct of Defendant was willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

78. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADA.

79. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees,

declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT V- DISABILITY RETALIATION
## IN VIOLATION OF THE ADA

80. Plaintiff realleges and adopts the allegations contained in paragraphs 1-6, 10-21, 25, 26, 29-40, above.

81. Plaintiff was terminated within close temporal proximity of his objection to Defendant that he felt he was being discriminated against based on his disability.

82. Plaintiff's objections constituted protected activity under the ADA.

83. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination.

84. Plaintiff's objections to Defendant's illegal conduct, and his termination, are causally related.

85. Defendant's stated reasons for Plaintiff's termination are a pretext.

86. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

87. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

88. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay,

emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 8th day of April 2020.

                                          Respectfully Submitted,

                                          By: ***Noah E. Storch***
                                          Noah E. Storch, Esq.
                                          Florida Bar No. 0085476
                                          RICHARD CELLER LEGAL, P.A
                                          10368 W. State Rd.84, Suite 103
                                          Davie, FL 33324
                                          Telephone: (866) 344-9243
                                          Facsimile: (954) 337-2771
                                          E-mail: noah@floridaovertimelawyer.com

                                          *Counsel for Plaintiff*